Newman, J.
This is a proceeding in mandamus originating in the court of appeals of Williams county. On the 31st day of August, 1915, a special election was held in the village of Stryker, under the provisions of Section 6127 et seq., General Code, to determine by ballot .whether the sale of in *102 toxicating liquors as a beverage should be prohibited within the limits of that municipal corporation, the petition therefor having been signed by the relator, John Brownwell, and others. Prior to the 31st day of August, 1915, the sale of intoxicating liquors as a beverage was not prohibited in said village, nor had there been a municipal election to determine whether the same should be prohibited therein. As shown by the entry and record of the result of the election held on the 31st day of August, 1915, made by the village clerk, the whole number of votes for the sale of intoxicating liquors as a beverage was 151 and the whole number of votes against the sale thereof was 151.
On the 13th day of December, 1915, the relator and other qualified electors of the village of Stryker, in a number greater than forty per cent, of the votes cast at the last municipal election for municipal officers, again, under the provisions of Section 6127, petitioned the council of the village for the privilege to determine by ballot whether the sale of intoxicating liquors as a beverage should be prohibited in the village. On the 27th day of December, 1915, and again on the 3d day of January, 1916, the village council refused to order a special election. Thereupon the relator filed a petition in the court of appeals of Williams county, in which he prayed that a writ of mandamus issue commanding the council of the village of Stryker to order a special election to be held in the usual places for the holding of elections in said village, as- petitioned for on the 13th day of December, 1915. The case was heard in the court of appeals on the pleadings and an *103 agreed statement of facts and the court dismissed the petition of relator and rendered judgment against him for costs. A motion for a new trial was overruled. Error is prosecuted to this court to reverse the judgment of the court of appeals.
Section 6127, General Code, under whose provisions the petition was filed by the relator and others on the 13th day of December, 1915, is as follows:
“When, in á municipal corporation divided into wards, qualified electors in a number equal to forty per cent, of the number of votes cast therein at the last preceding general election for state and county officers, or when, in any other municipal corporation, qualified electors in a number equal to forty per cent, of the votes cast therein at the last preceding general election for municipal officers, petition the council thereof for the privilege to determine by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited within the limits of such municipal corporation, such council shall order a special election to be held at the usual place or places for holding elections therein in not less than twenty days nor more than thirty days from the filing of such petition with the mayor of such municipal corporation or from the presentation of such petition to the council thereof. Thereupon such petition shall be filed as a public document with the clerk of such municipal corporation and preserved for reference and inspection.”
That section is found in the subdivision of the General Code entitled “Local Option in Municipal Corporations,” and in the same subdivision is Section 6136, which provides:
*104 “After two years from the date of an election held under the provisions of this subdivision of this chapter, another election may be petitioned for and shall be ordered as provided therein.”
It is the contention of counsel for plaintiff in error that the election held on the 31st day of August, 1915, was not an election within the meaning of Section 6136, supra. They contend further that whether or not an election had been held within two years prior to the filing of the petition of December 13, 1915, was a question which the village council had no authority to determine; that in ordering an election under the provisions of Section 6127, supra, the council of the municipal corporation acts in a ministerial capacity and does not sit as a judicial body and that when a petition is filed in conformity to the provisions of that section it is mandatory upon council to act and to order an election.
This was a proceeding in mandamus in which the relator was seeking an extraordinary writ, but before it could be awarded it must have appeared that he had a clear right thereto and that there had been a' plain dereliction of duty on the part of the defendant. Evidently recognizing this fact, the relator in his petition averred that no election had been held within two years prior to the filing of the petition of December 13, 1915. This was denied by the defendant in its answer and it was expressly averred therein that such an election had been held. It was for the court of appeals to determine from the pleadings and from the agreed statement of facts whether relator had established a clear right to the writ. While Section 6127 provides that coun *105 oil shall order a special election upon the filing of a petition with the requisite number of signers, yet the general assembly in the enactment of Section 6136 has placed upon that authority a limitation which prevents the holding of an election earlier than two years from the date of the last election. We are of the opinion, then, that if it appeared upon the hearing of the case in the court of appeals that such an election had been held, relief was properly denied the relator. It is therefore unnecessary to determine whether council had authority to say that an election had been held within two years from the filing of the petition and for that reason could refuse to order another election.
The only question, then, for our determination is whether the special election held on the 31st day of August, 1915, was such an election as would preclude the ordering of another election within two years from that date. It is insisted by plaintiff in error that inasmuch as the votes cast for and the votes cast against the proposition were equal in number, it was a tie, and therefore no election within the meaning of Section 6136 was held. Counsel say the authorities are uniform on the proposition that a tie vote does not result in a choice. But the cases which they cite in support of that contention are ones where candidates for office receive the same number of votes and the courts have held that there was no election. “Election” primarily means a choice or the act of choosing, and it follows that where two candidates receive the same number of votes there is no choice or choosing, and consequently no election.
*106 But the instant case is controlled by the provisions of Section 6131, General Code, which is as follows:
'“If a majority of the votes cast at such election shall be in favor of prohibiting the sale of intoxicating liquors as a beverage, then from and after thirty days from the date of holding such election, no person, personally or by agent, within the limits of such municipal corporation shall sell, furnish or give away any intoxicating liquors to be used as a beverage, or keep a place where such liquors are kept for sale, given away or furnished for beverage purposes.”
Prior to the 31st day of August, 1915, the sale of intoxicating liquors as a beverage was not prohibited in the village of Stryker. On that date there was submitted to the electors of that municipal corporation the question whether or not the same should be prohibited. There were 151 votes in favor of the proposition and 151 votes against it. Under the plain provision of Section 6131, supra, requiring a majority of the votes cast at the election to be in favor of prohibiting the sale before the sale is prohibited, the vote cast at the election in question was certainly determinative of the question submitted. The proposition to prohibit was lost. The result of the election was that the status of the village, so far as the sale of intoxicating liquors was concerned, was to continue the same until another election was held as provided by law. It cannot be said that the vote cast was not determinative of the question submitted or that there was no election. It may be noted that there is prescribed by law a *107 method for determining which of two candidates for an office who receive the same number of votes shall be declared elected — -in practically every instance the method being by lot. No statute is to fie found covering a case where a proposition such as the one under consideration is submitted to the electors and the affirmative and negative of the proposition receive the same number of votes. The reason the general assembly has made no such provision seems clear. There is no necessity for it. The language of Section 6131, as we view it, precludes the possibility of there being a tie vote in the sense that no decision has been made by the electors. Our holding is that the special election held August 31, 1915, was such an election as would, under Section 6136, preclude the ordering of another election within two years from that date.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.